## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HIWANA POLK, Individually and as **)** <br> Administrator of the Estate of BEJIAN BOOKER, **)** <br> Deceased, and CORNEL DAWSON, JR., by Parent, **)** <br> SHERRICE RAINEY, **)** <br> **)** Case No. 13 C 9321 <br> **)** <br> Plaintiffs, **)** Judge Marvin E. Aspen <br> v. **)** <br> **)** Magistrate Judge Daniel G. Martin <br> SHEROD DENT, UNKNOWN OFFICERS OF THE **)** <br> CHICAGO POLICE DEPARTMENT, and CITY **)** <br> OF CHICAGO, **)** JURY TRIAL DEMANDED <br> **)** <br> Defendants. **)** | |

## FIRST AMENDED CIVIL RIGHTS COMPLAINT

Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN

BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, by and

through their attorney, Irene K. Dymkar, complaining against defendants, SHEROD DENT,

UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF

CHICAGO, state as follows:

## NATURE OF CLAIM

1.      This action arises under the United States Constitution and the laws of the United

States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the

civil rights of plaintiffs through acts and/or omissions of defendants committed under color of

law.  Specifically here, defendants deprived plaintiffs of their rights under the Fourth and

Fourteenth Amendments to the United States Constitution.

1

2.      Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of false imprisonment, assault, battery, intentional infliction of emotional distress, and indemnification.

## JURISDICTION AND VENUE

3.      Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

5.      At all times herein mentioned, plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, were and are citizens of the United States and reside within the jurisdiction of the court.

6.      BEJIAN BOOKER was a minor at all times herein mentioned.  BEJIAN died on August 12, 2013, at the age of 15 years.

7.      HIWANA POLK was appointed Administrator of the Estate of BEJIAN BOOKER by order of the Circuit Court of Cook County, Probate Division, in Case No. 2013 P 7496, on December 30, 2013.

8.      Plaintiff CORNEL DAWSON, JR. was at all times herein mentioned, and still is, a minor, who is appearing in this action by and through his parent, SHERRICE RAINEY.

9.      At all times herein mentioned, defendants SHEROD DENT (hereinafter DENT), and UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter

2

UNKNOWN OFFICERS) were officers in the Chicago Police Department and were acting under color of state law and as employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity.

10.     Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department and employed defendant police officers.

11.     Defendant CITY OF CHICAGO had and has express and implied policies and procedures, and customs and practices so persistent and well-settled so as to be *de facto* official policies and procedures, which not only caused, but were the moving force behind the deprivation of constitutional rights set forth herein. Defendant CITY OF CHICAGO thus is being sued for direct municipal liability under the holding in *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018 (1978).

## STATEMENT OF FACTS

12.     Plaintiff, HIWANA POLK, is the mother of minor BEJIAN BOOKER, deceased, and is the aunt of minor CORNEL DAWSON, JR.

13.     BEJIAN had leukemia and in 2011 was in and out of remission.

14.     In 2011, HIWANA POLK was working as a community watcher for the Chicago Public Schools.

15.     Defendant DENT is a Chicago police officer who was assigned to patrol at certain Chicago public schools in 2011 and as such, came in contact with Ms. POLK as she was working as a community watcher.

3

16. Prior to December 31, 2011, DENT asked Ms. POLK out numerous times, but Ms. POLK rebuffed his advances, telling him that, in part because he was a married man, she was not interested.

17. In the evening of December 31, 2011, BEJIAN developed a clogged IV line, so he was taken to the hospital to clear the line.

18. BEJIAN was accompanied to the hospital by his mother, HIWANA POLK, and his cousin, CORNEL DAWSON, JR.

19. After receiving treatment at the hospital, Ms. POLK, BEJIAN, and CORNEL were returning to Ms. POLK's home in the City of Chicago in Ms. POLK's vehicle. Ms. POLK was driving, CORNEL was sitting in the passenger seat, and BEJIAN was lying down in the back seat.

20. Ms. POLK stopped for a few minutes outside a friend's home to pick up some items. CORNEL went to the porch of the home to retrieve the bags from the friend and returned immediately to the vehicle where Ms. POLK and her ill son were waiting.

21. When she resumed driving, Ms. POLK noticed that defendant DENT was driving behind her, in his usual vehicle, and in his usual attire. DENT was staring at Ms. POLK's vehicle and CORNEL in the passenger seat from the vantage point of his vehicle

22. After a short while, Ms. POLK's vehicle and DENT's vehicle proceeded in different directions.

23. Ms. POLK turned right (east) on West Division Street in the City of Chicago and immediately, as she approached the intersection of West Division Street and North Long Street, seven - eight police cars, marked and unmarked, came at her vehicle from all directions.

4

24.     Numerous UNKNOWN OFFICERS jumped out of their vehicles, with guns drawn.   The officers were in uniform and in plain clothes.

25.     The officers said they had received a call that a man in Ms. POLK's vehicle might have a gun.

26.     The City of Chicago Office of Emergency Management and Communication reports to plaintiffs' attorney that it has no records of any call to the police about Ms. POLK's vehicle or about  a man with a gun in her vehicle.

27.     The officers opened Ms. POLK's door and forced her out of her vehicle at gunpoint.

28.     Ms. POLK held her hands out, with the hospital discharge papers in her hand, objecting to the rough treatment and insisting that she had a sick boy who was just coming home from the hospital.

29.     The officers searched Ms. POLK's person, including her jacket and dress, going into the pockets.

30.     The officers pulled CORNEL out of the vehicle, asking him if he had anything on him.

31.     The officers searched CORNEL's person, including his jacket, pants, and shirt, going into the pockets.

32.     The officers pulled the ill BEJIAN out of the back seat of the vehicle.

33.     The officers searched BEJIAN's person and started pulling on his IV line.

34.     BEJIAN started crying out in pain, while Ms. POLK, distraught, pleaded with the officers, saying things like, "Let him go!" and "He can get really sick out here in the cold." CORNEL screamed, "He has cancer.  Let him go."

5

35.     Officers, including a sergeant in uniform, told Ms. POLK to "shut up," or they would arrest her for resisting arrest.

36.     The officers never asked to see Ms. POLK's license or insurance card and never looked at the hospital papers.

37.     Several officers started searching Ms. POLK's vehicle with their flashlights, going into various compartments and looking under seats.

38.     While the search of the vehicle was taking place, Ms. POLK, BEJIAN, and CORNEL were detained, standing outside in the winter cold.  BEJIAN did not have a jacket on and was shivering.

39.     One of the officers who apparently had seen the IV line on BEJIAN when the officers had lifted up his shirt, said, "We are going to get sued."

40.     After stopping them at gunpoint, searching Ms. POLK, BEJIAN, and CORNEL's persons and the vehicle, and detaining plaintiff in the winter cold, the officers said there was a "misunderstanding" and let plaintiffs go.

41.     There was no "evidence" found or seized by the officers.  No police report was ever completed.  No one was formally arrested or criminally charged, and no traffic tickets were issued.

42.     Ms. POLK had defendant DENT's cell phone number saved on her cell phone, because as a community watcher for the Chicago Public Schools, she was supposed call him at work if there was any problem with the children's travel to school.  Believing that DENT had caused the police encounter to occur, Ms. POLK sent DENT an angry text message.

43.     Ms. POLK asked why DENT did what he did.  Believing that DENT was motivated by jealousy in seeing a male in her vehicle, that is, her teen-aged nephew CORNEL,

6

and in thinking that it was a possible boyfriend, she texted DENT that her son and her nephew were in her vehicle at the time of the police encounter.

44.     DENT replied in a text, "Happy New Year."

45.     As a result of the stress and the exposure of the police encounter, BEJIAN became ill.   He went to the hospital on January 1, 2012, and then was admitted a day or two days later, staying in the hospital a week.   He had various medical problems, including but not limited to a fever and a misaligned IV line, and he suffered greatly in this period.

46.     BEJIAN died on August 12, 2013, after the oncologists were unable to stabilize BEJIAN's medical condition over time.

47.     The City of Chicago Office of Emergency Management and Communication reports to plaintiffs' attorney through Freedom of Information Act requests that DENT and the other officers involved in the police incident of December 31, 2011, did not report this incident to the dispatcher, there were no communications between police officers over the police communication network regarding this incident, and no police officer reported police activity involving Ms. POLK, her vehicle, BEJIAN, or CORNEL.

48.     The Chicago Police Department reports to plaintiffs' attorney through Freedom of Information Act requests that no police report of this police incident was even prepared or filed, no event number was obtained, no "RD" or police record number was obtained, no contact cards were prepared, and no GPS or other records are available.

49.     It is a widespread practice of members of the Chicago Police Department not to make any reports, create any documentation, or communicate orally regarding any unconstitutional or questionable conduct that does not result in a formal arrest, in order to avoid public scrutiny and personal accountability.

50.     By reason of the above-described acts and omissions of defendant police officers and the CITY OF CHICAGO, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

51.     The above-described acts and omissions of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

52.     By reason of the above-described acts and omissions of the defendant police officers and CITY OF CHICAGO, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights.  By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law. _____

**COUNT I**
**Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, Against Defendants DENT, UNKNOWN OFFICERS, and CITY OF CHICAGO for Illegal Stop**

53.     Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, incorporate and reallege paragraphs 1 – 52, as though set forth herein in their entirety.

54.     The stop of plaintiffs and the vehicle they were in by UNKNOWN OFFICERS was without probable cause, or even reasonable suspicion that plaintiffs were involved in any criminal activity, and was without any other legal cause.

55. Plaintiffs have reason to believe that the actions of defendant DENT were a proximate cause of the illegal stop of plaintiffs and the vehicle they were in and that he told the UNKNOWN OFFICERS to stop plaintiffs and their vehicle.

56. By reason of the conduct of defendant DENT and UNKNOWN OFFICERS, plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DENT and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

57. The misconduct described above was undertaken pursuant to the policy and practice of the CITY OF CHICAGO in that:

  a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby is the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

  b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c.     As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department engage in unconstitutional conduct such as the illegal stop described herein on a frequent basis, yet do not make any reports, create any documentation, or communicate orally regarding any unconstitutional or questionable conduct that does not result in a formal arrest, in order to avoid public scrutiny and personal accountability.

d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

e.     The City of Chicago has failed to act to remedy the patterns of abuse described herein, despite actual knowledge of same, thereby causing the types of injuries alleged here.

58.    By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

<u>COUNT II</u>

**Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, Against Defendants DENT, UNKNOWN OFFICERS, and CITY OF CHICAGO for Illegal Detention**

59.     Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, incorporate and reallege paragraphs 1 – 52, as though set forth herein in their entirety.

60.     The detention of plaintiffs by UNKNOWN OFFICERS was without probable cause and unreasonable, both at its inception and in its duration.

61.     Plaintiffs have reason to believe that the actions of defendant DENT were a proximate cause of the illegal detention of plaintiffs and that he told the UNKNOWN OFFICERS to detain plaintiffs.

62.     By reason of the conduct of defendant DENT and UNKNOWN OFFICERS, plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants DENT and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

63.     The misconduct described above was undertaken pursuant to the policy and practice of the CITY OF CHICAGO in that:

    a.     As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby is the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and

11

control its officers, such that its failure to do so manifests deliberate indifference.

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c.    As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department engage in unconstitutional conduct such as the illegal detention described herein on a frequent basis, yet do not make any reports, create any documentation, or communicate orally regarding any unconstitutional or questionable conduct that does not result in a formal arrest, in order to avoid public scrutiny and personal accountability.

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

e.    The City of Chicago has failed to act to remedy the patterns of abuse described herein, despite actual knowledge of same, thereby causing the types of injuries alleged here.

64.    By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN

BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT III
**Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, Against Defendants DENT, UNKNOWN OFFICERS, and CITY OF CHICAGO for State Supplemental Claim of False Imprisonment**

65.     Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, incorporate and reallege paragraphs 1 – 52, as though set forth herein in their entirety.

66.     The stop of plaintiffs and the vehicle they were in and detention by UNKNOWN OFFICERS were without probable cause, or even reasonable suspicion that plaintiffs were involved in any criminal activity, and was without any other legal cause.

67.     Plaintiffs have reason to believe that the actions of defendant DENT were a proximate cause of the illegal stop of plaintiffs and the vehicle they were in and their detention, in that he told the UNKNOWN OFFICERS to stop plaintiffs and their vehicle and detain them.

68.     Defendants DENT and UNKNOWN OFFICERS are therefore liable to plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, under Illinois law for the state supplemental claim of false imprisonment.

69.    Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of

*respondeat superior* for the wrongful acts of their employees, defendants DENT and UNKNOWN

OFFICERS.

### COUNT IV

**Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, Against Defendants DENT, UNKNOWN OFFICERS, and CITY OF CHICAGO for Excessive Force**

70.    Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of

BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY,

incorporate and reallege paragraphs 1 – 52, as though set forth herein in their entirety.

71.    The force used by defendant UNKNOWN OFFICERS in removing plaintiffs

HIWANA POLK, minor BEJIAN BOOKER, deceased, and minor CORNEL DAWSON, JR., from

the vehicle at gunpoint, in searching plaintiffs' persons, and in detaining plaintiffs was excessive,

unnecessary, unreasonable, and without legal cause.

72.    Plaintiffs have reason to believe that the actions of defendant DENT were a proximate

cause of the use of excessive force on plaintiffs, in that he told the UNKNOWN OFFICERS to stop

and detain plaintiffs and it was foreseeable that excessive force would be used.

73.    By reason of the conduct of defendant DENT and UNKNOWN OFFICERS, plaintiffs,

HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased,

and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, were deprived of rights, privileges

and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the

United States and laws enacted thereunder.  Therefore, defendants DENT and UNKNOWN

OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

14

74.     The misconduct described above was undertaken pursuant to the policy and practice of the CITY OF CHICAGO in that:

      a.     As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby is the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

      b.     As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

      c.     As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department engage in unconstitutional conduct such as the excessive force described herein on a frequent basis, yet do not make any reports, create any documentation, or communicate orally regarding any unconstitutional or questionable conduct that does not result in a formal arrest, in order to avoid public scrutiny and personal accountability.

      d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

e. The City of Chicago has failed to act to remedy the patterns of abuse described herein, despite actual knowledge of same, thereby causing the types of injuries alleged here.

75. By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## <u>COUNT V</u>
**Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, Against DENT, UNKNOWN OFFICERS, and CITY OF CHICAGO for Illegal Search of the Person**

76. Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, incorporate and reallege paragraphs 1 – 52, as though set forth herein in their entirety.

77. The intrusion by the individual defendants into plaintiffs' security and privacy by searching their persons was without probable cause to believe that plaintiffs were involved in any criminal activity, was without a warrant, and was otherwise unreasonable.

78. Plaintiffs have reason to believe that the actions of defendant DENT were a proximate cause of the search of plaintiffs' persons, in that he told the UNKNOWN OFFICERS to stop and detain plaintiffs and it was foreseeable that they would be searched.

16

79.     By reason of the conduct of defendant DENT and UNKNOWN OFFICERS, plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants DENT and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

80.     The misconduct described above was undertaken pursuant to the policy and practice of the CITY OF CHICAGO in that:

      a.     As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby is the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

      b.     As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

      c.     As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department engage in unconstitutional conduct such as the search of the person described herein on a frequent basis, yet do not make any reports, create any documentation, or communicate orally

regarding any unconstitutional or questionable conduct that does not result in a

formal arrest, in order to avoid public scrutiny and personal accountability.

d.  Municipal policy-makers are aware of, and condone and facilitate by their

inaction, a "code of silence" in the Chicago Police Department, by which

officers fail to report misconduct committed by other officers, such as the

misconduct at issue in this case.

e.  The City of Chicago has failed to act to remedy the patterns of abuse described

herein, despite actual knowledge of same, thereby causing the types of injuries

alleged here.

81.  By reason of the policies, practices, and procedures of defendant CITY OF

CHICAGO, plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN

BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY were deprived

of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the

Constitution of the United States and laws enacted thereunder.  Therefore, defendant CITY OF

CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**<u>COUNT VI</u>**
**Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN
BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, Against
Defendants DENT, UNKNOWN OFFICERS, and CITY OF CHICAGO for State Supplemental
Claim of Assault**

82.  Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of

BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY,

incorporate and reallege paragraphs 1 – 52, as though set forth herein in their entirety.

18

83.     Defendant UNKNOWN OFFICERS threatened HIWANA POLK, BEJIAN

BOOKER, and CORNEL DAWSON, JR. with an imminent battery by pointing guns at them,

threatening the use of force, and threatening their arrest, placing plaintiffs in reasonable fear of a

battery.

84.     Plaintiffs have reason to believe that the actions of defendant DENT were a proximate

cause of the assault of plaintiffs, in that he told the UNKNOWN OFFICERS to stop plaintiffs and their

vehicle and detain them, and it was foreseeable that plaintiffs would thus be subjected to the threats of

battery alleged herein.

85.     Defendants DENT and UNKNOWN OFFICERS are therefore liable to plaintiffs,

HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased,

and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, under Illinois law for the state

supplemental claim of assault.

86.     Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of

*respondeat superior* for the wrongful acts of their employees, defendants DENT and UNKNOWN

OFFICERS.


## COUNT VII
**Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, Against Defendants DENT, UNKNOWN OFFICERS, and CITY OF CHICAGO for State Supplemental Claim of Battery**

87.     Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of

BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY,

incorporate and reallege paragraphs 1 – 52, as though set forth herein in their entirety.

19

88.     The physical contact by defendant UNKNOWN OFFICERS was offensive, harmful, and against plaintiffs' will.

89.     Plaintiffs have reason to believe that the actions of defendant DENT were a proximate cause of the battery of plaintiffs, in that he told the UNKNOWN OFFICERS to stop plaintiffs and their vehicle and detain them, and it was foreseeable that plaintiffs would be subjected to the physical contact alleged herein.

90.     Defendants DENT and UNKNOWN OFFICERS are therefore liable to plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, under Illinois law for the state supplemental claim of battery.

91.     Defendant CITY OF CHICAGO is liable to plaintiffs pursuant to the doctrine of *respondeat superior* for the wrongful acts of their employees, defendants DENT and UNKNOWN OFFICERS.

## COUNT VIII
**Plaintiffs, HIWANA POLK, Individually, Against Defendants DENT, UNKNOWN OFFICERS, and CITY OF CHICAGO for Unconstitutional Search and Seizure of Vehicle and Its Contents**

92.     Plaintiff, HIWANA POLK, Individually, incorporates and realleges paragraphs 1 – 52, as though set forth herein in their entirety.

93.     The search of plaintiff HIWANA POLK's vehicle was without probable cause to believe that plaintiffs were involved in any criminal activity, was without a warrant, and was otherwise unreasonable.

20

94.     Plaintiff has reason to believe that the actions of defendant DENT were a proximate cause of the search of plaintiff's vehicle, in that he told the UNKNOWN OFFICERS to stop and detain plaintiffs and it was foreseeable that the vehicle would be searched.

95.     By reason of the conduct of defendant DENT and UNKNOWN OFFICERS, plaintiff HIWANA POLK was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants DENT and UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

96.     The misconduct described above was undertaken pursuant to the policy and practice of the CITY OF CHICAGO in that:

a.      As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby is the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b.      As a matter of both policy and practice, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiffs.

c.      As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department engage in unconstitutional conduct such as the search of the vehicle described herein on a frequent basis,

21

yet do not make any reports, create any documentation, or communicate orally regarding any unconstitutional or questionable conduct that does not result in a formal arrest, in order to avoid public scrutiny and personal accountability.

d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

e.     The City of Chicago has failed to act to remedy the patterns of abuse described herein, despite actual knowledge of same, thereby causing the types of injuries alleged here.

97.     By reason of the policies, practices, and procedures of defendant CITY OF CHICAGO, plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT IX
**Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, Against Defendants DENT, UNKNOWN OFFICERS, and CITY OF CHICAGO for the State Supplemental Claim of Intentional Infliction of Emotional Distress**

98.     Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, incorporate and reallege paragraphs 1 – 52, as though set forth herein in their entirety.

99.     The conduct of the defendants DENT and UNKNOWN OFFICERS was extreme and outrageous.  Defendants each intended to inflict severe emotional distress or knew that there was a high probability that their conduct would do so.

100.    Defendants' conduct did, in fact, cause plaintiffs severe emotional distress.

101.    Defendants DENT and UNKNOWN OFFICERS are therefore liable to plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, under Illinois law for the state supplemental claim of intentional infliction of emotional distress.

102.    Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior* for the wrongful acts of their employees, defendants DENT and UNKNOWN OFFICERS.

## COUNT X
**Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, Against Defendant CITY OF CHICAGO for Indemnification**
**(735 ILCS 10/9-102)**

103.    Plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, incorporate and reallege paragraphs 1 – 52, as though set forth herein in their entirety.

104.    In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

105.    Defendants DENT and UNKNOWN OFFICERS were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

106.    Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

23

WHEREFORE, plaintiffs, HIWANA POLK, Individually and as Administrator of the Estate of BEJIAN BOOKER, Deceased, and CORNEL DAWSON, JR., by Parent, SHERRICE RAINEY, by and through their attorney, Irene K. Dymkar, request judgment as follows against defendants, SHEROD DENT, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, on the claims as set forth above, and specifically:

A.   That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

B.   That defendants be required to pay plaintiffs special damages in a sum to be ascertained at a trial of this matter,

C.   That defendants, except CITY OF CHICAGO, be required to pay plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

D.   That an injunction be issued against the CITY OF CHICAGO prohibiting it from using the unconstitutional policies, procedures, and practices set forth herein, and providing other equitable relief as is deemed just and proper,

E.   That a declaratory judgment be issued declaring the Chicago Police Department policies, procedures, and practices complained of herein to be unconstitutional,

F.   That defendants be required to pay plaintiffs' attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

G.   That defendants be required to pay plaintiffs' costs of the suit herein incurred, and

H.   That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**


Dated: January 16, 2014                    /s/      Irene K. Dymkar
                                                Irene K. Dymkar


Irene K. Dymkar
Attorney for Plaintiffs
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123