UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HIWANA POLK, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 13 CV 9321 |
| | ) | Hon. Marvin E. Aspen |
| SHEROD DENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us are two motions to dismiss Plaintiffs' first amended complaint in its entirety, filed respectively by Defendant Sherod Dent and Defendant City of Chicago pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, we grant Defendant Officer Dent's motion in its entirety. We also grant the City of Chicago's motion with the exception of three state claims against Unknown Officers, which we remand to state court.

**BACKGROUND**

Plaintiffs Hiwana Polk, Individually ("Polk") and as Administrator of the Estate of Bejian Booker, Deceased ("Booker"), and Cornel Dawson, Jr., by Parent Sherrice Rainey ("Dawson"), allege in their amended complaint that on the night of December 31, 2011, Polk and her son Booker and nephew Dawson left an unidentified hospital, where Booker, who had leukemia, had been admitted to clear a clogged IV line. (Am. Compl. ¶¶ 17–19.) Polk alleges that she observed Defendant officer Dent, whom she had previously come into contact with while she was working as a community watcher for the Chicago Public Schools, driving behind her and staring at Polk's vehicle. (*Id.* ¶¶ 14, 21.) At some point thereafter, seven to eight marked and

1

unmarked police cars near West Division Street and North Long Street in Chicago, Illinois "came at her from all directions" and "unknown officers jumped out of their vehicles, with guns drawn." (*Id*. ¶¶ 23–24.) Polk does not contend that any of these officers were Dent. According to the amended complaint, Plaintiffs were told that the officers had received a call informing them that a man in Polk's car might have a gun. (*Id*. ¶ 25.) The City of Chicago Office of Emergency Management and Communication, however, has no records of any call to the police about Polk's vehicle. (*Id*. ¶ 26.) According to Polk, Unknown Officers forced Polk out of the car at gunpoint as she held out the hospital discharge papers and insisted that she had a sick boy who was just coming home from the hospital. (*Id*. ¶ 28.) The Unknown Officers also pulled Dawson and Booker out of the car and searched all three Plaintiffs, pulling on Booker's IV line. (*Id*. ¶¶ 29–33.) Finding nothing illegal, the officers permitted Plaintiffs to leave. (*Id*. ¶¶ 40–41.) Thereafter, Polk sent Dent an angry text message to which he responded with a text that read "Happy New Year." (*Id*. ¶ 44.) The City of Chicago Office of Emergency Management and Communication reports that Dent and the other officers did not report this incident to the dispatcher, there were no communications between police officers over the police communication network regarding this incident, and no police officer reported police activity involving Polk, her vehicle, Booker, or Dawson. (*Id*. ¶ 47.)

Exactly two years later, on December 31, 2013, Plaintiffs filed their initial ten count complaint in this matter against officer Dent, Unknown Officers, and the City of Chicago, alleging both federal and state claims. The amended complaint does not identify particular officers present at the scene or which of the officers committed the particular violations alleged.

**STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007)). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, while a complaint need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964–65; *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). The statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Twombly*, 540 U.S. at 545, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

**DISCUSSION**

**A. Federal claims**

In order for a § 1983 claim to survive a motion to dismiss, a plaintiff must identify the specific constitutional rights that he alleges have been violated and identify with reasonable

3

particularity the individuals who are alleged to have violated those rights. *Choyce v. Friar*, No. 08 C 202, 2008 WL 2567037, at *3 (N.D. Ill. 2008). Moreover, the claims must be timely. Dismissal of a claim is warranted if the "complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999)).

### 1. Plaintiffs' § 1983 claims against Unknown Officers are time-barred

The statute of limitations for § 1983 claims is the same as the limitations period for personal injuries in the forum state. *Wexler v. City of Chicago*, No. 93 C 1425, 1994 WL 268632, at *3 (7th Cir. 1994) (citing *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947 (1985)). Because Illinois has a two-year statute of limitations for personal injuries, any § 1983 claim not filed within two years of the alleged constitutional injury is barred. *Wexler*, 1994 WL 268632, at *3 (citing *Smith v. City of Chicago Heights*, 951 F.2d 834, 839 (7th Cir. 1992)). Furthermore, the individual defendants must be named within that time period unless the relation-back doctrine, codified in Federal Rule of Civil Procedure 15(c), applies. *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008) (citing 735 ILCS 5/13–202); Fed. R. Civ. P. 15(c).

For the relation-back doctrine to apply, plaintiffs must know the identity of the officers on the date they initiated the action. *Klebanowski*, 540 F.3d at 639 (citing *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).[1] The relation-back doctrine "permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party." *Worthington*, 8

---

[1] *Klebanowski*, upon which Plaintiffs rely, (Pls.' Resp. to Dent's Mot. at 12), has distinguishable facts in that the plaintiff in that case filed a prison grievance and waited nearly two years for a response; during that period the Illinois' statute of limitations was tolled. *Klebanowski*, 540 F.3d at 639.

F.3d at 1256 (quoting *Wood v. Woracheck*, 618 F.2d 1225, 1229–30 (7th Cir. 1980)). In other words, while the relation-back doctrine permits us to correct the name of the proper defendant, a new defendant cannot be substituted or added by amendment after the statute of limitations has run. *Wood*, 618 F.2d at 1229–30; *Hiraldo v. City of Chi.*, No. 08 CV 3369, 2013 WL 3455787, at *6 (N.D. Ill. July 9, 2013); *see Copeland v. Northwestern Mem. Hosp.*, 964 F. Supp. 1225, 1234 (N.D. Ill. 1997) (quoting *Collier v. Rodriguez*, No. 96 C 0023, 1996 WL 535326, at *4 (N.D. Ill. Sept. 18, 1996) ("Claims against unknown persons are meaningless and uncompensable.")).

Here, Plaintiffs filed their initial complaint on December 31, 2013, precisely two years after December 31, 2011, the date on which the events that gave rise to Polk's individual § 1983 claims took place. Because Plaintiffs did not know the identity of the Defendant officers at the time they initiated the action, their § 1983 claims are barred. We therefore dismiss with prejudice Plaintiffs' § 1983 claims against the Unknown Officers.

### 2. Plaintiffs have failed to state a claim with respect to the claims against Defendant Officer Dent.

To sustain a § 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006). A causal connection, or an affirmative link, between the misconduct complained of and the individual sued is necessary. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 604 (1976). Although Plaintiffs need not allege all of the facts necessary to succeed on their claims, they must provide sufficient allegations to put Defendants on notice of claims against them. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). "[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Id.*

Plaintiffs fail to assert that Dent was personally involved in the alleged constitutional deprivations set forth in Counts I (§ 1983 Illegal Stop), II (§ 1983 Illegal Detention), IV (§ 1983 Excessive Force), V (§ 1983 Illegal Search of Person), and VIII (§ 1983 Search and Seizure of Vehicle). There are no factual allegations in Plaintiffs' complaint or their response to the motion to dismiss from which could infer that Dent caused the alleged constitutional deprivations. Plaintiffs state that they "have reason to believe that the actions of defendant Dent was a proximate cause" of the alleged illegal actions because "it is more likely than not that it was his call to other officers that caused the stop to take place . . ." (Resp. at 9.) Because Plaintiffs fail to offer well-pleaded facts in support of this assertion, however, their hypothesis that Dent was the proximate cause is mere speculation. Proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged," and excludes only those "link[s] that are too remote, purely contingent, or indirect." *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1192 (2011) (citing *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 130 S. Ct. 983, 989 (2010) (internal quotation marks omitted)). That Polk saw Dent driving behind her on a public street before she was stopped, and that he allegedly wished her a "Happy New Year" via text, are facts that are too remote and speculative for us to infer that he proximately caused the asserted injuries. *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (stating that the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"). Because Plaintiffs' complaint is speculative, offering no more than "a sheer possibility that [Dent] has acted unlawfully," *Ashcroft*, 129 S. Ct. at 1949, Plaintiffs have failed to meet the requisite pleading standard. We therefore dismiss Plaintiffs' § 1983 claims against Dent.

### 3. Plaintiffs' *Monell* claims against the City of Chicago are dismissed.

Having dismissed Plaintiffs' federal claims against the individual Defendant officers, the City can no longer be held liable for these claims. Section 1983 liability cannot attach to a municipality in the absence of an actionable constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, S. Ct. (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the department regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.") (emphasis in original). Plaintiff's reliance on *Thomas* is misplaced. (Pls. Resp. to City at 3 (citing *Thomas v. Cook County Sheriff's Dept.*, 588 F.3d 445, 456 (7th Cir. 2009).) In *Thomas*, the Seventh Circuit found that the City's potential *Monell* liability is dependent on its officers' conduct; "to determine whether the [municipality]'s liability is dependent on its officers, [the court looks] to the nature of the constitutional violation, the theory of municipal liability, and the defenses set forth." *Thomas*, 588 F.3d at 456; *see also Tanner v. City of Waukegan*, No. 10 C 1645, 2011 WL 686867, at *3 (N.D. Ill. 2011). If the City's liability is *independent* of the officer's conduct, then the City could still be liable for its policies and practices under *Monell*.

Here, the complaint alleges that the constitutional misconduct was undertaken pursuant to several of the City's boilerplate policies and practices. In other words, Plaintiffs are suing the City because they think it is legally responsible for the individual officers' conduct. The City's liability is thus clearly based on whether its officers violated Plaintiffs' constitutional rights. We agree with the City that this case is unlike *Thomas* where a jury could conclude that a well-intentioned police officer harmed a plaintiff only because he was hampered by the operation of impermissible municipal policies. (City's Reply at 6.) Therefore, where we have found that its officers are not liable for the underlying constitutional misconduct, the City is not liable either.

To find against the City would be inconsistent with finding in favor of the individual Officer Defendants. *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994) (Verdict in favor of defendant officer on claim he used excessive force "precludes the possibility that [the plaintiff] could prevail on his *Monell* claim.").

### B. State claims

Having granted Defendants' motion to dismiss the federal claims, we must assess whether to retain pendent jurisdiction over the remaining state law claims. A district court may retain supplemental jurisdiction over state law claims even after it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The Supreme Court has recognized that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966); *see also Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727–28 (7th Cir. 1998); *Kevin's Towing, Inc. v. Thomas*, 217 F. Supp. 2d 903, 910 (N.D. Ill. 2002). The Seventh Circuit has repeatedly characterized the district court's discretion to relinquish pendent jurisdiction as "almost unreviewable," especially when all federal claims have been dropped from the case before trial and only state law claims remain. *Kennedy*, 140 F.3d at 728 (citing *Huffman v. Hains*, 865 F.2d 920, 923 (7th Cir. 1989)); *see Pleva v. Norquist*, 195 F.3d 905, 918 (7th Cir. 1999); *Kevin's Towing, Inc.*, 217 F. Supp. 2d at 910.

The Seventh Circuit has articulated three exceptions to the general presumption that "the pendent claims should be left to the state courts." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1251–52 (7th Cir. 1994); *see Williams v. Rodriquez*, 509 F.3d 392, 404 (7th Cir. 2007).[2] The

---

[2] "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Leister v. Dovetail, Inc.*, 546

8

presumption may be overcome, and pendent jurisdiction appropriately retained, if "any of the following three circumstances exist: (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided." *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008); *Williams*, 509 F.3d at 404. In this case, the third exception applies to several of Plaintiffs' state claims. For these claims, because it is clearly apparent how they are to be decided in this case, remanding them would not further the interests of judicial economy. *See, e.g., Childress v. City of E. St. Louis, Ill.*, 10 CV 254, 2010 WL 5289261, at *3 (S.D. Ill. Dec. 20, 2010). Accordingly, we next discuss Plaintiffs' supplemental state law claims of false imprisonment, assault, battery, intentional infliction of emotional distress, and indemnification.

### 1. Polk's individual state claims against all Defendants are dismissed.

Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, the applicable statute of limitations is one year. 745 ILCS 10/1-101, 745 ILCS 10/8-101. In their response, Plaintiffs concede that all state claims brought by Plaintiff Polk as an individual are time-barred. (Resp. to Dent's Mot. at 2.) We therefore dismiss with prejudice all of Polk's state law claims: false imprisonment, assault, battery, intentional infliction of emotional distress, and indemnification.

---

F.3d 875, 882 (7th Cir. 2008); *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). Under such circumstances, the balancing of "judicial economy, convenience, fairness and comity . . . will point to declining to exercise jurisdiction over any remaining pendent state-law claims." *Wright*, 29 F.3d at 1252.

### 2. Booker and Dawson failed to state a claim with regard to their state claims against Defendant Officer Dent.

For the same reasons discussed above with respect to the federal claims, Plaintiffs have failed to state a claim with respect their state claims against Dent because they have not plausibly alleged that he was the proximate cause of the underlying state law violations. Plaintiffs fail to offer well-pleaded facts that it was Dent's hypothetical call to other officers that caused the stop to take place. Plaintiffs' mere speculation is insufficient for purposes of sustaining their state law claims against Dent. We therefore grant Defendants' motion to dismiss the state claims against Dent.

### 3. Booker and Dawson's state claims against Unknown Officer Defendants for false imprisonment and intentional infliction of emotional distress are time-barred.

The City argues that Booker and Dawson's claims are time-barred and that the relation-back doctrine does not apply here. (Reply at 3.) Plaintiffs assert that Booker and Dawson's state claims are not time-barred because they were minors when the incident occurred and when this action was commenced. (Resp. to Dent's Mot. at 2 (citing 735 ILCS 5/13-211).) Dawson is still a minor and if Booker were still alive, he would be a minor as well. (*Id*.) Under Illinois law, "[i]f a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives[,] an action may be commenced by his or her representative before the expiration of that time [here, two years after he attains the age of 18], or within one year from his or her death whichever date is the later[.]" 735 ILCS 5/13-209.

The exception is that the Illinois Survival Act does not provide for the survival of actions regarding injuries of a non-physical character. *Cleveland v. U.S.*, No. 00 C 424, 2000 WL 1889640, at *3 (N.D. Ill. 2000) (denying claims for nonphysical torts of intentional and negligent infliction of emotional distress); *Strandell v. Jackson County, Illinois*, 648 F. Supp. 126, 135

(S.D. Ill. 1986); *Jarvis v. Stone*, 517 F. Supp. 1173, 1176 (N.D. Ill. 1981); 755 ILCS 5/27-6; *but see Owens v Archer-Daniels-Midland Co.,* 30 F. Supp. 2d 1082, 1084 (C.D. Ill. 1999) (liberally construing the Survival Act and finding that the plaintiff's "cause of action for intentional infliction of emotional distress survived" death).[3]

Plaintiffs' nonphysical torts of false imprisonment and intentional infliction of emotional distress therefore do not survive under the Illinois Survival Act.[4] Although Plaintiffs are correct that a complaint need not anticipate or overcome affirmative defenses pursuant to Rule 8, (Resp. to Dent's Mot. at 3 (citing *Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006)), we must dismiss a complaint that "plainly reveals that an action is untimely under the governing statute of limitations," *Lewis*, 411 F.3d at 842 (citing *Leavell*, 189 F.3d at 495). We therefore dismiss with prejudice Booker and Dawson's false imprisonment and intentional infliction of emotional distress claims.

### 4. Booker and Dawson's state claims against Unknown Officer Defendants for assault and battery are not time-barred.

Because Booker and Dawson's assault and battery claims against Unknown Officer Defendants concern injuries of a physical character, they survive under the Illinois Survival Act. *Cleveland*, 2000 WL 1889640, at *3. Because it is not clearly apparent how these state claims are to be decided in this case, it would not be appropriate to retain pendent jurisdiction. *Dargis*, 526 F.3d at 990; *Williams*, 509 F.3d at 404. We therefore decline to exercise jurisdiction over

---

[3] *Owens* is an outlier. In December 2000, Judge Grady relied on the *Strandell* and *Jarvis* decisions in finding that tort claims for intentional and negligent infliction of emotional distress do not survive under the Act. *Cleveland*, 2000 WL 1889640, at *3.

[4] In arguing that their state law claims survive under the Act, Plaintiff's reliance on *Beard v. Robinson*, 563 F.2d 331 (7th Cir. 1977), is misplaced because the case addressed the survival of federal claims, not state law claims.

Booker and Dawson's assault, battery, and related indemnification claims against Unknown Officer Defendants, and we remand the case to state court.

## CONCLUSION

For the reasons discussed above, we grant Defendant Dent's motion to dismiss in its entirety, and we grant the City of Chicago's motion to dismiss with regard to each of Plaintiffs' claims except Booker and Dawson's assault, battery, and related indemnification claims against Unknown Officer Defendants. Because we do not have jurisdiction over these remaining state claims, we remand the case to state court. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: Chicago, Illinois
August 28, 2014