UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| HIWANA POLK, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | No. 13 CV 9321 |
| | ) | Hon. Marvin E. Aspen |
| SHEROD DENT, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us are two motions: Plaintiffs' motion to reconsider our decision on Defendants' motion to dismiss and vacate judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), and Plaintiffs' motion for leave to file a second amended complaint. For the reasons stated below Plaintiffs' motion to reconsider is granted in part and denied in part, and Plaintiffs' motion to further amend their complaint is denied.

**BACKGROUND**

We detailed the facts of this case in our order granting in part Defendants' motion to dismiss, *Polk v. Dent*, No. 13 C 9321, 2014 WL 4269081, at *1 (N.D. Ill. Aug. 28, 2014), and thus do not fully repeat them here. Briefly, Plaintiffs Hiwana Polk, Individually ("Polk") and as Administrator of the Estate of Bejian Booker, Deceased ("Booker"), and Cornel Dawson, Jr., by Parent Sherrice Rainey ("Dawson"), filed a ten-count complaint against Defendants, alleging violations of state law and 42 U.S.C. § 1983. According to Plaintiffs' amended complaint, on the evening of December 31, 2011, a number of unidentified police officers stopped Polk's vehicle in traffic, forced Plaintiffs out of the car, and conducted an illegal search of the vehicle

1

and their persons. Defendants moved to dismiss Plaintiffs' first amended complaint in its entirety. We granted Defendants' motion with the exception of three state claims against Unknown Officers, which we remanded to state court.

## DISCUSSION

I.  **Motion for Reconsideration**

The court's power to reconsider its judgments "should be exercised only in the rarest of circumstances and where there is a compelling reason . . ." *Marmi E. Graniti D'Italia Sicilmarmi S .p.A. v. Universal Granite & Marble*, 757 F. Supp. 2d 773, 782 (N.D. Ill. 2010) (citing *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009)). A litigant may challenge the merits of the district court's decision through either Rule 59(a) or Rule 60(b). *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). A motion under Rule 59(e) is "only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). The motion for reconsideration should be granted if doing so would "enable 'the court to correct its own errors and thus avoid unnecessary appellate procedures.'" *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). Here, Plaintiff argues that we misapprehended the fact and law in this case. (Mot. at 2.) When a party seeks reconsideration based on a misapprehension of the case law, it must show a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Ammons v. Cook Co., Ill.*, No. 11 C 5010, 2012 WL 2368320, at *2 (N.D. Ill. June 20, 2012).

2

Rule 60(b) is "considerably narrower" than Rule 59(e) and is limited to the six specific situations identified in the Rule. *Maldonado v. Stinar*, No. 8 C 1954, 2011 WL 2470124, at *3 (N.D. Ill. June 20, 2011) (quoting *United States v. Manville Sales Corp.*, No. 88 C 630, 2005 WL 526695, at *2 (N.D. Ill. Mar. 2, 2005)). Relief from judgment under Rule 60 is "an extraordinary remedy and is granted only in exceptional circumstances." *Thurner v. C.I.R.*, 255 F. App'x 90, 92 (7th Cir. 2007) (quoting *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006)).

    a. <u>Federal and State Claims Against Dent</u>

We previously dismissed Plaintiffs' federal and state claims against Dent without prejudice because the complaint failed to assert that Dent was personally involved in the alleged misconduct. (Op. at 6.) To survive Defendants' motion to dismiss, each claim against Dent required an allegation of proximate cause. We previously explained that proximate cause necessitates "some direct relation between the injury asserted and the injurious conduct alleged," and "links that are too remote, purely contingent, or indirect" are insufficient. *Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1192 (2011) (citing *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9, 130 S. Ct. 983, 989 (2010)). After reviewing Plaintiffs' complaint and the additional facts asserted in their response, we held that the facts alleged were too remote and speculative to sufficiently claim Dent's personal involvement.

Plaintiffs dispute this ruling, arguing that the complaint alleged sufficient circumstantial evidence to establish a causal connection under *Iqbal* pleading standards. (Mot. at 3–4, 7–8; Reply at 3, 6–7.) Plaintiffs, however, already made this argument in response to Defendants' motion to dismiss. (Resp. to MTD at 8–10.) Motions to reconsider "do not provide an opportunity to litigate previously rejected arguments." *Thomas v. Johnston*, 215 F.3d 1330, 2000 WL 518100, at *3 (7th Cir. 2000) (unpublished); *see Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum

3

for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Ammons v. Cook Cnty., Ill.*, No. 11 C 5010, 2012 WL 2368320, at *2 (N.D. Ill. June 20, 2012) ("Motions to reconsider that merely take umbrage with the court's ruling and rehash old arguments, and do not demonstrate that there was disregard, misapplication or failure to recognize controlling precedent, are properly rejected by the court."). That Plaintiffs simply disagree with our holding is not a proper basis for reconsideration under Rules 59(e) or Rule 60(b). Moreover, we find that our previous ruling was correct. Therefore, we deny Plaintiffs' motion for reconsideration on their claims against Dent.

    b.  <u>Federal Claims Against Unknown Officers</u>

We also previously dismissed all of Plaintiffs' § 1983 claims against the Unknown Officers as time-barred. (Op. at 5.) Plaintiffs concede that Polk's claims against the Unknown Officers are time barred, but argue that the statute of limitations should have been tolled as to the minors' claims. (Mot. at 3.) We will first discuss Dawson's claims.

Plaintiffs are correct that, in Illinois, the statute of limitations is tolled for minors until two years after the person reaches of the age of eighteen. 735 ILCS 5/13-211; *see Wallace v. City of Chi.*, 440 F.3d 421, 425 (7th Cir. 2006); *Clay v. Kuhl*, 189 Ill. 2d 603, 607–08, 727 N.E.2d 217, 220 (Ill. 2000). Although Dawson's exact age is unclear, Plaintiffs allege that he was a minor when the offending traffic stop occurred and when Plaintiffs filed their original complaint. (Resp. to Dent MTD at 2.) Thus, at the earliest, the statute of limitations on Dawson's § 1983 expires two years after the original complaint was filed in this action, which is December 31, 2015. Accordingly, we agree with Plaintiffs that it was error to dismiss Dawson's § 1983 claims against Unknown Officers as time-barred. *See Minikon v. Escobedo*, 324 Ill. App. 3d 1073, 1077, 756 N.E.2d 302, 307 (1st Dist. 2001) (permitting minor plaintiff to name a new defendant in a personal injury action more than two years after his injury occurred).

4

Although Defendants seem to concede that the § 1983 statute of limitations is tolled until Dawson reaches eighteen, they argue that the claims were nonetheless properly dismissed because Dawson failed to state a claim against the Unknown Defendants. (Resp. at 6–7.) We did not, however, make that holding in our original decision and decline to do so now.

In their motion to dismiss, Defendants asserted that all of Plaintiffs' § 1983 claims should be dismissed pursuant to Rule 12(b)(6), but their argument focused almost exclusively on Plaintiffs' claims against Dent. (Dent MTD at 7–9.) Defendants offered no analysis to explain how the complaint was deficient as to the claims against Unknown Officers.[1] Now, Defendants contend that the claims against Unknown Officers were inadequately plead because they were brought against unknown persons. (Resp. at 6.) It is true that claims against unknown persons should be dismissed after the statute of limitations expires, but plaintiffs are free to name unknown persons as placeholders before that time. *Hines v. City of Chi.*, 91 F. App'x 501, 502 (7th Cir. 2004); *Hall v. City of Chi.*, No. 00 C 5490, 2003 WL 22232912, at *4 (N.D. Ill. Sept. 16, 2003); *Copeland v. Nw. Mem'l Hosp.*, 964 F. Supp. 1225, 1232 (N.D. Ill. 1997); *see Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008) (citing *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993)). Since Dawson's claims are not yet time barred, he may continue to pursue his complaint against the Unknown Officers.

Turning to Booker, we must treat his claims differently because he is now deceased. Booker was a minor when the alleged traffic stop occurred, and would still be a minor today if he were living. Sadly, he died on August 12, 2013, before this action commenced. (Compl. ¶ 6.) Under the Illinois Survival Act, the administrator of a decedent's estate may bring a cause of

---

[1] We find that Plaintiffs sufficiently plead their § 1983 claims against the Unknown Officers. Unlike Plaintiffs' allegations against Dent, Plaintiffs did expressly allege that the Unknown Officers were personally involved in causing the alleged injuries. (*See* Compl. at ¶¶ 24–40.)

action that survives the person's death either before the expiration of the applicable statute of limitations for the claim, or one year after the decedent's death, whichever is later.[2] 735 ILCS 5/13-209. Plaintiffs argue that because the statute of limitations on Booker's claims would have been tolled until he turned eighteen if he were alive, his administrator likewise has until two years after Booker would have turned eighteen to assert his § 1983 claims. (Mot. at 3.)

We agree with Defendants that this application of the minor tolling statute, 735 ILCS 5/13-211, is unfounded. Plaintiffs cite no cases where the court extended the statute of limitations for a decedent's claims longer than the one-year permitted by the Survival Act, nor have we found any. Moreover, in *Pope v. City of Chicago*, Judge Ann Claire Williams, then sitting as district judge, rejected an argument almost identical to Plaintiffs'. No. 95 C 311, 1996 WL 392162 (N.D. Ill. July 11, 1996). There, the plaintiff brought claims under the Illinois Survival Act as administrator of her deceased son's estate, alleging that the defendants denied her son access to medical care. *Id.* at *1. The statute of limitations expired before the mother filed the lawsuit, but she argued that § 13-211 applied to her claims as administrator and extended the limitations period until two years after her son would have turned eighteen. *Id.* at *6. Judge Williams explained that "Section 13-211 was intended to preserve a minor's right of access to court by not forcing the minor to depend on the whims of others to file the meritorious claims of minors." *Id.* (citing *Halper v. Vayo*, 210 Ill. App. 3d 81, 86, 568 N.E.2d 914, 917 (2nd Dist. 1991)). Since the parents of minors do not suffer from the age disability that § 13-211 was intended to resolve, "allowing parents to invoke the minor exception to the statute of limitations is inconsistent with the legislative purpose behind § 13-211." *Id.* Judge Williams held that § 13-

---

[2] It is well established that § 1983 claims survive a person's death under the Illinois Survival Act. *Anderson v. Romero*, 42 F.3d 1121, 1124 (7th Cir. 1994); *Bennett v. Tucker*, 827 F.2d 63, 68 (7th Cir. 1987); *Estrada v. Hamby*, No. 4 C 434, 2010 WL 333701, at *1 (S.D. Ill. Jan. 26, 2010).

211 did not apply and dismissed the untimely Survival Act claims. *Id.* at *7; *see also Monroe v. United States*, No. 4 C 7358, 2007 WL 839992, at *4 (N.D. Ill. Mar. 13, 2007) (finding that the extended statute of repose applicable to minors' medical malpractice claims did not apply to a claim brought by the administrator of a deceased minor's estate). We concur with Judge Williams's reasoning and find that § 13-211 does not apply to the claims that Polk brings as administrator of Booker's estate. Polk is an adult who was fully capable of filing Booker's claims within the two-year § 1983 statute of limitations or within one year after Booker's death, as afforded by the Survival Act.

Since August 12, 2014 (one year after Booker's death) is later than December 31, 2013 (the expiration of the § 1983 limitations period), Polk had until August 12, 2014 to file Booker's claims. 735 ILCS 5/13-209. As discussed in our earlier opinion, in order to comply with relation back requirements, plaintiffs who bring an action against unknown defendants must amend their complaint to name the real defendants before the statute of limitations expires. *Klebanowski*, 540 F.3d at 639; *Hines*, 91 F. App'x at 502; *Worthington*, 8 F.3d at 1257. Although Plaintiffs filed their first amended complaint before August 12, 2014, they did not replace the Unknown Defendants with named officers before that time. Thus, Booker's claims against the Unknown Officers were properly dismissed as time-barred.

c. State Claims Against Unknown Officers

Plaintiffs also argue that we incorrectly interpreted the Illinois Survival Act, 755 ILCS 5/27-6, in holding that Booker's claims for false imprisonment and intentional infliction of emotional distress did not survive his death. (Mot. at 8–9.) After further reviewing the Survival Act and related case law, we recognize that the breadth of claims covered under the act has expanded in recent years. *See Cleveland v. Rotman*, 297 F.3d 569, 574 (7th Cir. 2002) ("Early interpretations of the act held that only actions for physical damages, not emotional damages,

7

survived death. Courts now view the act as a remedial statute that is to be construed liberally to avoid abatement."). Without deciding the issue, the Seventh Circuit explained that "[g]iven that Illinois courts liberally construe the survival act, it's possible that an action for negligent infliction of emotional distress survives death." *Id.* In addition, courts in this district and in Illinois have more recently heard false imprisonment and intentional infliction of emotional distress claims brought by administrators pursuant to the Survival Act. *See Cobige v. City of Chi.*, No. 6 C 3807, 2009 WL 2413798, at *13 (N.D. Ill. Aug. 6, 2009); *Abiola v. Abubakar*, No. 2 C 6093, 2003 WL 22012220, at *1 (N.D. Ill. Aug. 25, 2003); *Luss v. Vill. of Forest Park*, 377 Ill. App. 3d 318, 327–28, 878 N.E.2d 1193, 1202 (1st Dist. 2007); *In re Estate of Lambie*, 2012 IL App (4th) 110494-U, 2012 WL 7017620, at *3 (4th Dist. Mar. 8, 2012).

In light of this shift in Illinois law, we agree that we erred by dismissing Plaintiffs' intentional infliction of emotional distress and false imprisonment claims as not surviving death. *See Goetz v. Mount Sinai Hosp. Corp.*, No. 91 C 5723, 1993 WL 62373, at *4–5 (N.D. Ill. Mar. 5, 1993) (deciding that, given the trend in Illinois law to broaden the scope of 755 ILCS 5/27-6, "we are reluctant to hold that it appears beyond doubt that the Plaintiffs are unable to prove any set of facts which would entitle them to relief on [their malicious prosecution claim]"); *UNA Worldwide, LLC v. Orsello*, No. 12 C 3429, 2012 WL 6115661, at *3 (N.D. Ill. Dec. 10, 2012) (noting that the evolving Survival Act law "favors the cautious approach" to granting a Rule 12(b)(6) motion to dismiss).

Defendants argue that even if intentional infliction of emotional distress and false imprisonment claims survive under Section 5/27-6, dismissal was harmless because Plaintiffs failed to name the Unknown Defendants before the expiration of the statute of limitations. (Resp. at 13.) We agree that Booker's state law claims are time barred, but Dawson's are not.

The applicable statute of limitations on Plaintiffs' state law claims is one year. 745 ILCS 10/8-101; *see Davenport v. Dovgin*, 545 F. App'x 535, 538 (7th Cir. 2013). Therefore, under the minor tolling statute, Dawson has one year after he turns eighteen to name the defendants allegedly liable for his state law claims. *See Goza v. Rainmaker Campground, Inc.*, No. 14 C 3264, 2014 WL 5543989, at *2 (C.D. Ill. Nov. 3, 2014) (recognizing that the Tort Immunity Act shortens the two-year after the age of eighteen limitations provided in § 13-211 of the Minor Tolling Act when the plaintiff is suing a governmental entity). Since we cannot conclude from the record that this date has passed, we cannot find that Dawson's state law claims are time barred at this stage. *See Del Korth v. Supervalu, Inc.*, 46 F. App'x 846, 848 (7th Cir. 2002) ("[W]hen the record does not make it clear when the statute of limitations began to run, a 12(b)(6) dismissal is premature."); *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Thus, it was error to dismiss Dawson's state claims against Unknown Officers.

Booker's state law claims, on the other hand, are time barred. Under the Survival Act, Booker's administrator had until the expiration of the underlying one-year statute of limitations, or until one year after his death, to bring his surviving state law claims. August 12, 2014—the later of these two dates—has now passed, but Booker has not named any additional officer defendants. Thus, Booker's claims for intentional infliction of emotional distress and false imprisonment against Unknown Defendants are time barred. Since Booker's state claims against Unknown Defendants are time barred, it was harmless error to dismiss them as failing to survive under the Survival Act. In addition, although we previously denied Defendants' motion to dismiss Booker's other state law claims against Unknown Officers, for the same reasons

discussed here, we find this was error. All of Booker's state law claims against Unknown Officers are dismissed as untimely.

### d. *Monell* Claims Against the City

Plaintiffs argue that we erred by dismissing their *Monell* claims against the City, relying on *Thomas v. Cook County Sheriff's Department*, 588 F.3d 445 (7th Cir. 2009). In our prior opinion, we found that since we dismissed all § 1983 claims against individual officers, the *Monell* claims against the City must also be dismissed. (Op. at 7.) In *Los Angeles v. Heller*, the Supreme Court held that a municipality could not be liable under *Monell* based on the actions of its police officers where the individual officers were not liable. 475 U.S. 796, 799, 106 S. Ct. 1571, 1573 (1986). In *Thomas*, the Seventh Circuit rejected the argument that *Heller* requires individual officer liability before a municipality can be liable under *Monell* in all cases. 588 F.3d at 455–56. Rather, the court explained that "a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an inconsistent verdict." *Id.* It went on to present at least two instances that might not create an inconsistent verdict.

First, the court held that the municipality in *Thomas* could be liable, even though its employees were not, because the municipality's policies might have caused the alleged harm independent of any individual culpability. *Id.* at 456. The plaintiff, a pretrial detainee, brought a claim for failure to respond to his serious medical needs. The court explained that the jury could have found that the individual employees were not deliberately indifferent to the plaintiff's medical needs, but that they could not sufficiently respond to his medical requests because of the municipality's faulty policies for retrieving those requests. *Id.* Under those circumstances, the municipality's policy itself caused the alleged harm, separate and apart from its employees' culpability. In our last opinion we correctly explained that Plaintiff's claims are unlike those in *Thomas* because the alleged harm stems directly from the individual officers' actions. "[A]ny

10

'policy' exerted harm through [the individual officers'] actions, not independently of them." *Taylor v. Kachiroubas*, No. 12 C 8321, 2013 WL 6050492, at *4 (N.D. Ill. Nov. 15, 2013); *see also Veal v. Kachiroubas*, No. 12 C 8342, 2014 WL 321708, at *3 (N.D. Ill. Jan. 29, 2014) (holding there could not be municipal liability absent officer liability where, "even if the absence of policy may be the source of the violation of civil rights, there is no injury to [plaintiff] without officer misconduct"); *Carr v. City of N. Chi.*, 908 F. Supp. 2d 926, 929–30 (N.D. Ill. 2012) (distinguishing *Thomas* and finding the municipal defendants could not be liable for excessive force claims without individual officer liability). Thus, if a fact finder determined that the unidentified officers did not cause the constitutional violations alleged, holding the City liable would create inconsistent verdicts.[3]

Thus far, however, no fact finder has made a determination as to the Unknown Officers' liability. We dismissed some of Plaintiffs' claims against Unknown Officers not because Plaintiffs failed to state an actionable claim, but because they failed to identify the name of any individual officer (besides Dent) before the statute of limitations expired. If this case went to trial against the City, is at least possible that a jury could determine the unknown officers committed the constitutional violations alleged even if those officers were never identified, in which case municipal liability could follow.

Indeed, as Plaintiffs point out, the facts of this case are very similar to the second scenario that the *Thomas* court presented when providing examples of municipal liability that could stand without individual liability. In rejecting the rule that municipal liability under *Monell* always requires individual officer liability, the Seventh Circuit questioned: "What if the

---

[3] For example, if a jury found that the officers did not use excessive force or illegally detain Plaintiffs, then there would be no constitutional violation on those claims. And without a constitutional violation, the City cannot be liable under *Monell*. *See Veal*, 2014 WL 321708, at *3–4; *Carr*, 908 F. Supp. 2d at 930.

11

plaintiff here had only sued the County, or didn't know, because of some breakdown in recording shifts, who the [officers] on duty were?" *Thomas*, 588 F.3d at 455–56; *see also Veal*, 2014 WL 321708, at *3–4 (recognizing that a verdict in favor of named defendants is not necessarily inconsistent with a verdict against the municipality if unnamed defendants committed unconstitutional acts); *Awalt v. Marketti*, No. 11 C 6142, 2012 WL 1161500, at *12 (N.D. Ill. Apr. 9, 2012) (explaining that individually named defendants could be found not liable while, at the same time, the municipality was found "liable for implementing a policy or custom that was the 'moving force' behind the unknown Defendants' unconstitutional acts").

Here, Plaintiffs have been unable to name any individual officers involved in the alleged traffic stop. Plaintiffs allege that reports from the City of Chicago Office of Emergency Management and Communication show that the officers never reported the stop to dispatch or the City. (Am. Compl. ¶ 47.) Although we don't know the full extent of Plaintiffs' efforts to determine the names of these officers, it seems plausible that Plaintiffs are unable to identify them because the City has no record of the stop, let alone who was involved. If the alleged constitutional violations did occur, it would be unfair to deprive Plaintiffs of redress simply because the officers, and through them the City, chose not to report the stop. We believe that this is the type of scenario that the Seventh Circuit contemplated in *Thomas*, and we find that a verdict against the City based on the conduct of the unidentified officers would not, at least at this point, be inconsistent with any other decisions in this case. *Thomas*, 588 F.3d at 455–56. Accordingly, we vacate our previous decision to dismiss Plaintiffs' *Monell* claims as it pertains to the conduct of the Unknown Officers.[4]

---

4     To the extent Plaintiffs' *Monell* claims are also based on Dent's alleged conduct, those aspects of the claims were properly dismissed because Plaintiffs failed to state a claim based on his actions.

e. State Claims Against the City

Finally, Plaintiffs argue that Booker and Dawson should be able to pursue their state claims against the City under the doctrine of *respondeat superior*, even if the offending officers cannot be named. (Mot. at 7; Reply at 5–6.) As an initial matter, both Booker and Dawson filed their state claims against the City before their respective statute of limitations expired. Thus, unlike Polk's claims, their *respondeat superior* claims are not time barred.[5]

Moreover, we agree with Plaintiffs that in *McCottrell v. City of Chicago*, the Illinois Appellate Court held that a city could be found liable for torts of its employees under the *respondeat superior* theory, even though the employees were not named defendants. 135 Ill. App. 3d 517, 518–19, 481 N.E.2d 1058, 1060 (1st Dist. 1985); *see Williams v. Rodriguez*, 509 F.3d 392, 405 (7th Cir. 2007) ("[O]ur determination that the unnamed defendant is not himself a properly named defendant in this suit does not negate the City's potential liability for his conduct."). The court reasoned that Illinois courts have "long recognized that in an action by a third party based on injuries caused by the negligence of the servant, the servant is not a necessary party in an action against the master." *McCottrell*, 135 Ill. App. 3d at 519, 481 N.E.2d 1058, at 1059 (citations omitted).

While Defendants are correct that the City cannot be liable for torts allegedly caused by its employees where the employee is not liable, 745 ILCS 10/2-109, dismissing a claim against an employee as time-barred is different from finding that the employee is not culpable. Indeed, courts in this district routinely find that when, as here, the statute of limitations bars a plaintiff's claims against individual officers but the plaintiff named the employer as a defendant before the

---

[5] The statute of limitations on Polk's state law claims expired earlier than the other two defendants, and before the original complaint was filed in this case. (*See* Op. at 9.) Her state law claims against the City were thus properly dismissed as time-barred, and she does not argue otherwise.

13

limitations period expired, "dismissal of plaintiff's claim against the employee cannot be grounds for dismissing the claim against the employer." *Prate v. Vill. of Downers Grove*, No. 11 C 3656, 2011 WL 5374100, at *5 (N.D. Ill. Nov. 7, 2011) (citing *Wright v. Village of Calumet Park*, No. 09 C 3455, 2009 WL 4545191, at *4 (N.D. Ill. Dec. 2, 2009)); *Beal v. City of Chi.*, No. 04 C 2039, 2007 WL 1029364, at *14 (N.D. Ill. Mar. 30, 2007); *Vodak v. City of Chi.*, No. 03 C 2463, 2006 WL 1049736, at *1 (N.D. Ill. Apr. 19, 2006)). If Plaintiffs are able to prove at trial that the individual officers violated state law, then the City could be vicariously liable for those alleged violations without creating an inconsistency with our dismissal of the Unknown Defendants. *See Prate*, 2011 WL 5374100, at *5; *Vodak*, 2006 WL 1049736, at *5. Since Booker and Dawson do not need to name individual officers to proceed on their *respondeat superior* theory, their state law claims against the City should not have been dismissed.

   f. Indemnification

Where we have dismissed Plaintiffs' claims against Dent and/or Unknown Defendants, the related indemnification claim against the City is also dismissed. Since Dawson may proceed with his state and federal claims against Unknown Officers, however, his related indemnification claim may also proceed.

## II. Motion to Amend the Complaint

In addition to their motion for reconsideration, Plaintiffs move for leave to file a second amended complaint under Rule 15(a) to cure the pleading defects with their claims. (Mot. to Amend at 1–2; Reply at 2.) Although federal courts "should freely give leave [to amend a pleading] when justice so requires," a district court has broad discretion to deny leave when amendment would be futile. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014); *Charleston v. Bd. of Trustees of Univ. of Ill. at Chi.*, 741 F.3d 769, 777 (7th Cir. 2013). "District courts may refuse to entertain a proposed amendment on futility grounds when the new

pleading would not survive a motion to dismiss." *McCoy*, 760 F.3d at 685 (quoting *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013)).

The new facts asserted in Plaintiffs' proposed second amended complaint do not remedy the pleading deficiencies we identified in our last opinion, *i.e.*, that Plaintiffs failed to allege sufficient facts regarding Dent's personal involvement in the misconduct. Many of the new allegations have nothing to do with Dent; instead, they relate to events that occurred during the alleged traffic stop, which Plaintiffs concede did not directly involve Dent. Moreover, the allegations that do involve Dent are just as tenuously related to the misconduct as the facts alleged in Plaintiffs' prior complaints. For example, Plaintiffs now allege that "Dent was a jealous man who wanted to be Hiwana Polk's suitor. He relentlessly pestered her and frequently drove past her home and her relative's home to the point that Ms. Polk was frightened and felt he was stalking her." (Mot., Ex. A ¶ 17.) Plaintiffs also add that when Polk saw Dent in the moments before the alleged stop, he was "trying to see who the adult-sized male was in the passenger seat." (*Id.* ¶ 25; *see also* Reply at 2 (summarizing the new allegations).) These facts are still too remote to infer that Dent caused the constitutional and state law violations alleged.[6] Since Plaintiffs' proposed second amended complaint would not survive a motion we dismiss the

---

[6] The closest Plaintiffs have come to alleging the requisite personal involvement was in response to Defendants' motion to dismiss, where they argued that it was "more likely than not that it was [Dent's] call to other officers that caused the stop to take place." (Resp. to MTD at 9.) As we explained previously, this allegation, based solely on remote and indirect facts, is too speculative to survive a motion to dismiss. It is interesting, however, that Plaintiffs didn't include a similar allegation in their proposed second amended complaint. Instead, Plaintiffs added the even more vague and general assertion that the call "came from a private phone to the police officers who accosted Ms. Polk and the two minors." That Plaintiffs are unwilling to expressly allege in their complaint that Dent made the phone call to the Unknown Officers—even after we dismissed the claims against him for failure to state a causal connection—is telling.

15

claims against Dent, amendment would be futile. *McCoy*, 760 F.3d at 685; *Gandhi*, 721 F.3d at 869. Accordingly, Plaintiffs' motion for leave to file a second amended complaint is denied.

## CONCLUSION

Plaintiffs' motion to amend their complaint is denied as futile. In addition, Plaintiffs' motion for reconsideration is granted in part and our August 28, 2014 ruling is amended consistent with the discussion above.

The following claims are dismissed: (1) all of Plaintiffs' claims against Dent and the related indemnification claim; (2) Polk's state and federal claims against Unknown Officers and the related indemnification claim; (3) Polk's *respondeat superior* state claims against the City; and (4) Booker's state and federal claims against Unknown Defendants and the related indemnification claim.

The case is reopened and Plaintiffs may proceed in federal court on the following claims: (1) all Plaintiffs' *Monell* claims against the City (Counts 1, 2, 4, 5, 8); (2) Dawson's state and federal claims against Unknown Officers (Counts 1–7, 9) and the related indemnification claim (Count 10); and (3) Booker's and Dawson's *respondeat superior* state claims against the City (Counts 3, 6, 7, 9). It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: January 5, 2015
Chicago, Illinois