UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HIWANA POLK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 13 CV 9321 |
| | ) | Hon. Marvin E. Aspen |
| SHEROD DENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Defendant the City of Chicago's (the "City's") motion to strike Plaintiffs' claims for equitable relief. For the reasons discussed below, the City's motion is granted.

**BACKGROUND**

This case arises from a traffic stop on the evening of December 31, 2011. Plaintiffs Hiwana Polk, Individually ("Polk") and as Administrator of the Estate of Bejian Booker, Deceased ("Booker"), and Cornel Dawson, Jr., by Parent Sherrice Rainey ("Dawson"), allege that during a traffic stop unidentified police officers used excessive force against them and conducted an illegal search of their vehicle and persons. In addition to emotional injuries, Plaintiffs claim that the officers' conduct resulted in physical injuries, particularly to Plaintiff Booker who was a minor suffering from terminal cancer at the time. According to the complaint, Booker was admitted to the hospital a couple days after the incident as a direct result of the stress and exposure caused by the officers.

1

Plaintiffs brought a number of federal and state claims against the City and unknown officers.[1] In support of their claims against the City, Plaintiffs contend that the unknown officers' misconduct occurred pursuant to official City policies and practices, including the widespread failure of the Chicago Police Department to "make any reports, create any documentation, or communicate orally regarding any unconstitutional or questionable conduct that does not result in a formal arrest, in order to avoid public scrutiny and personal accountability." (Compl. ¶¶ 56, 64, 70, 81, 87, 103.) They allege that this inadequacy and the City's related failure to adequately punish misconduct, lead "Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses." (*Id.*) In their request for relief, Plaintiffs seek monetary damages against all Defendants and two forms of equitable relief against the City for the alleged Constitutional violations: an injunction prohibiting the City from using the "unconstitutional policies, procedures, and practices set forth [in the complaint]," and a declaratory judgment that "the Chicago Police Department policies, procedures, and practices complained of [are] unconstitutional." (Compl. at 24–25.)

The City moved to dismiss the complaint April 9, 2014. (Dkt. 27.) In its reply, though not in its opening brief, the City argued that Plaintiffs' claims for equitable relief are not viable. (Dkt. 40 at 8–11.) We initially granted Defendants' motion to dismiss the § 1983 claims against the City on other grounds, and thus had no occasion to consider Defendants' arguments regarding equitable relief. (Dkt. 41.) On Plaintiffs' motion for reconsideration, however, we reinstated their § 1983 *Monell* claims against the City.[2] (Dkt. 44; Dkt. 53 at 10–12.) The City

---

[1] So far Plaintiffs have been unable to identify the specific officers who participated in the alleged conduct. This appears to be at least in part because no police report or incident report were filed for the stop. (See Compl. ¶¶ 54–55.)

[2] The claims currently remaining in this case consist of: (1) all Plaintiffs' *Monell* claims against the City (Counts 1, 2, 4, 5, 8); (2) Dawson's state and federal claims against Unknown Officers

2

now moves to strike or dismiss Plaintiffs' claims for equitable relief against it, renewing the arguments made in their motion to dismiss reply brief.

## ANALYSIS

The City argues four independent grounds for striking Plaintiffs' request for equitable relief. Although the City does not state the Rule(s) under which it brings its motion, three of the City's arguments appear to attack the sufficiency of the pleadings under Rule 12(b)(6): (1) the complaint does not plead a sufficiently defined policy to be enjoined; (2) the complaint fails to allege that irreparable harm will occur absent injunctive relief; and (3) the complaint establishes that Plaintiffs have an adequate remedy at law. The City's fourth argument challenges the Plaintiffs' standing and our subject matter jurisdiction under Rule 12(b)(1). (Mot.; Reply at 1–2 (summarizing arguments).)

A plaintiff's standing is a prerequisite to our subject matter jurisdiction, thus we will address that argument first. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). Since we find Plaintiffs do not have standing to bring their claims for equitable relief against the City, we dismiss those claims without addressing the City's remaining arguments.

### I. Standard of Review

When a defendant makes a facial challenge to a plaintiff's standing by attacking our subject matter jurisdiction on the four corners of the complaint, the plaintiff is held to the same standard she would be for a 12(b)(6) motion to dismiss. *Apex*, 572 F.3d at 443. The plaintiff "need only show the existence of facts that could, consistent with the complaint's allegations, establish standing." *Id.*; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct.

---

(Counts 1–7, 9) and the related indemnification claim (Count 10); and (3) Booker's and Dawson's *respondeat superior* state claims against the City (Counts 3, 6, 7, 9).

2130, 2137 (1992) (finding that because standing is an indispensable part of the plaintiff's case, each element must be supported with the same manner and degree of evidence required at that successive stage of the litigation). In evaluating our subject matter jurisdiction, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Apex*, 572 F.3d at 443; *Otero v. Dart*, No. 12 C 3148, 2012 WL 5077727, at *1 (N.D. Ill. Oct. 18, 2012). "Where jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raises the jurisdictional challenge." *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008); *Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).[3]

## II. Standing to Seek Equitable Relief

Article III of the United States Constitution grants to federal courts "judicial power" over "cases" and "controversies." U.S. Const. Art. III § 2. To assert a case or controversy, the plaintiff must demonstrate standing by alleging "that he suffered an injury in fact, the defendant's actions caused the injury, and the remedy he seeks would redress his injury." *Bell v. Keating*, 697 F.3d 445, 451 (7th Cir. 2012); *accord Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013) (citing *Lujan*, 504 U.S. at 560–61, 112 S. Ct. at 2136). Relatedly, when the plaintiff seeks equitable relief against a prospective harm, he must establish that "he is immediately in danger of sustaining some direct injury as the result of the challenged official

---

[3] We agree with the City that *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) is not controlling. As the City points out, *Swanigan* was decided on procedural missteps that are not applicable here. There, the Seventh Circuit found the district court erred by dismissing plaintiff's request for equitable relief *before* allowing plaintiff to amend his complaint once "as a matter of course" as required by Rule 15(a)(1)(B). The court noted that the plaintiff "may not be able to establish standing to sue for injunctive relief[,] . . . [b]ut the time to evaluate any jurisdictional or legal impediments to the *Monell* suit is after [plaintiff] has amended his complaint, as Rule 15(a)(1)(B) entitles him to do." *Id.* at 964. Here, Rule 15(a)(1)(B) is not a barrier to our evaluation of Plaintiffs standing claim because, unlike in *Swanigan*, we have already permitted them to amend their complaint twice.

4

conduct, and that the injury or threat of injury is both real and immediate, not conjectural or hypothetical." *Bell*, 697 F.3d at 451 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S. Ct. 1660, 1665 (1983)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lyons*, 461 U.S. at 102, 103 S. Ct. at 1665 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S. Ct. 669, 676 (1974)); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108, 118 S. Ct. 1003, 1019 (1998) (finding respondent did not have standing to request injunctive relief because it only alleged past harm); *Schirmer v. Nagode*, 621 F.3d 581, 585 (7th Cir. 2010) ("As a general rule, the fact that a person was previously prosecuted for violating a law is insufficient by itself to establish that person's standing to request injunctive relief."). Instead, a plaintiff's standing to seek equitable relief depends on whether she is "likely to suffer future injury from" the conduct alleged. *Lyons*, 461 U.S. at 105, 103 S. Ct. at 1667.

When a § 1983 complaint is based upon the defendant's unconstitutional behavior—as opposed to a statute that criminalizes the plaintiff's conduct—"the putative injury typically proves too remote or attenuated to sustain our jurisdiction under Article III." *Bell*, 697 F.3d at 451. We find this to be the case here. The past misconduct alleged in the complaint establishes Plaintiffs' standing to sue the City for damages that they suffered as a result of those acts, but it does not, alone, establish a real and immediate threat warranting injunctive or declaratory relief for future conduct. *See Schirmer v. Nagode*, 621 F.3d 581, 584–85 (7th Cir. 2010) (distinguishing standing to sue for damages and for equitable relief); *Lyons*, 461 U.S. at 105, 103 S. Ct. at 1667. In order for Plaintiffs to allege a controversy regarding the City's prospective conduct, they must plausibly claim that they themselves are likely to be repeat victims of the unconstitutional practices in the imminent future. More specifically, Plaintiffs

5

would have to allege, at a minimum, that they face a real and immediate threat of being stopped by the police *again* and subjected to excessive force and/or an unlawful search. Not only do Plaintiffs fail to allege the likelihood of these future events, but even if they did, such allegations would be purely speculative and too attenuated to confer standing. *See Jimenez v. Waller*, 498 F. App'x 633, 636 (7th Cir. 2012) (finding the plaintiff lacked standing to sue where she did not allege that she was likely to be prevented from making a victim impact statement again in the future); *Campbell*, 373 F.3d at 836; *Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir. 1993) (finding the "mere possibility" that officers might use a black box on prisoner plaintiffs did not establish a real and immediate case or controversy); *Camasta v. Jos. A Bank Clothiers, Inc.*, No. 12 C 7782, 2013 WL 474509, at *6 (N.D. Ill. Feb. 7, 2013) (holding that standing did not exist where the plaintiff did not allege "that he personally [would] experience any harm in the future"); *Otero*, 2012 WL 5077727, at *5 (dismissing the plaintiff's claim to enjoin the Cook County Jail's detention policy where he did not allege that he might be subjected to the policy in the future, and where, in any event, "such allegations would be highly speculative and too attenuated to establish standing.").

To the extent Plaintiffs seek to "end the unconstitutional practices that were the moving force behind [their past injury]," (Resp. at 5), on behalf of *other* citizens likely to experience similar conduct in the future, they cannot do so. To confer federal jurisdiction, the injury alleged must be specific to the plaintiff; plaintiffs may not bring generalized claims of municipal misconduct on behalf of other citizens. *Campbell v. Miller*, 373 F.3d 834, 836 (7th Cir. 2004) ("Unless the same events are likely to happen again *to him* there is no controversy between him and the City about the City's future handling of other arrests."); *Camasta*, 2013 WL 474509, at *7 ("[Plaintiff] cannot establish standing based solely upon harms to the class members that do

not establish a claim for relief personally."); *Bohn v. Boiron, Inc.*, No. 11 C 08704, 2013 WL 3975126, at *3 (N.D. Ill. Aug. 1, 2013); *Yachnin v. Vill. of Libertyville*, 803 F. Supp. 2d 844, 850 (N.D. Ill. 2011) (holding that the plaintiff could not seek equitable relief on behalf of "all persons" who might suffer from the challenged policy in the future); *see Citizens for a Better Env't*, 523 U.S. at 108, 118 S. Ct. at 1019 (finding that a "generalized interest in deterrence . . . is insufficient for purposes of Article III"). That is not to say that Plaintiffs' concerns regarding the "systemic problem" alleged are unimportant or should be ignored by local authorities. Absent great and immediate irreparable injury, however, generalized complaints regarding municipal policies and practices should be addressed to the state or local government, not the federal court. *Lyons*, 461 U.S. at 111–12, 103 S. Ct. at 1670. "In exercising their equitable powers federal courts must recognize '[t]he special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.'" *Id.* at 112, 103 S. Ct. at 1670 (quoting *Stefanelli v. Minard*, 342 U.S. 117, 120, 72 S. Ct. 118, 120 (1951)).

Since Plaintiffs have not alleged a real and imminent threat of future injury to themselves, they do not have standing to seek equitable relief as to the City's future conduct.

## CONCLUSION

The City's motion to dismiss Plaintiffs' claims for equitable relief is granted. Plaintiffs may pursue their *Monell* claims against the City and their related request for monetary damages, but they are not entitled to equitable relief on these claims.

```
                                    _____
                                    Marvin E. Aspen
                                    United States District Judge
```

Dated: May 19, 2015
       Chicago, Illinois

7